JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division

JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
CLIFFORD E. STEVENS, JR., Trial Attorney, DC Bar No. 463906 (**Counsel for Service**)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, DC 20044-7369
Telephone: (202) 353-7548
Facsimile: (202) 305-0275
clifford.stevens@usdoj.gov

*Attorneys for Federal Defendants*

DEBORAH S. REAMES, State Bar No. 117257
dreames@earthjustice.org
GREGORY C. LOARIE, State Bar No. 215859
gloarie@earthjustice.org
WENDY S. PARK, State Bar No. 237331
wpark@earthjustice.org
EARTHJUSTICE
426 17th Street, 5th Floor
Oakland, CA 94612
Telephone: (510) 550-6725
Facsimile:  (510) 550-6749

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiff,

v.

KEN SALAZAR, ET AL.,

    Defendants.

Case No. 2:08-CV-01936-FCD-JFM

**STIPULATED SETTLEMENT AGREEMENT**

Plaintiff, the Center for Biological Diversity, and Defendants, Ken Salazar,[1] Secretary of the United States Department of the Interior; H. Dale Hall, Director of the United States Fish and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ken Salazar is substituted as a defendant for Dirk Kempthorne.

Wildlife Service; and United States Fish and Wildlife Service ("Service"), by and through their undersigned counsel, state as follows:

WHEREAS, on October 1, 2007, Plaintiff submitted to the Service a petition to list the American pika (Ochotona princeps), or claimed subspecies thereof, as threatened or endangered (hereinafter the "Petition") pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq.;

WHEREAS, on August 19, 2008, Plaintiff initiated this civil action to compel an initial 90-day finding on the Petition;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before May 1, 2009, the Service shall submit to the Federal Register a determination as to whether the Petition presents substantial information indicating that the petitioned action may be warranted pursuant to 16 U.S.C. § 1533(b)(3)(A). If the Service finds that the Petition has presented substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service shall submit to the Federal Register, within 9 months of the publication in the Federal Register of the 90-day finding, a 12-month finding as to whether the petitioned action is (a) not warranted; (b) warranted; or (c) warranted but precluded, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Settlement Agreement ("Agreement"), the parties shall use the dispute resolution procedures specified in Paragraph 3 below.

2

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for issuing a ninety-day or twelve-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

5. Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g). Defendants therefore agree to settle all of Plaintiff's claims for costs and attorneys' fees in this matter for a total of $27,534.28. A check will be made payable in that amount to Plaintiff's counsel Earthjustice, and mailed to Plaintiff's undersigned counsel, Gregory C. Loarie, 426 17th Street, 5th Floor, Oakland, CA 94612. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this Agreement.

6. Plaintiff agrees to accept payment of $27,534.28 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in this matter through and including the date of this Agreement.

7. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release

3

of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

8. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1 or for any other continuation of this action. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

9. Subject to the qualifications in Paragraph 10, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

10. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. On this issue, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defenses to any argument by Plaintiff that the Anti-Deficiency Act does not apply to non-discretionary duties required by the ESA.

11. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of all of the claims raised in Plaintiff's complaint. By entering into this Agreement, the parties do not waive any claim or defense.

12. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

13. The terms of this Agreement constitute the entire agreement of the Parties with regard to Plaintiff's claims in the above-captioned case, and no statement, agreement or understanding, oral or written, which is not contained herein, shall be recognized or enforced.

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

15. Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

IT IS SO STIPULATED

                                JOHN C. CRUDEN
                                Acting Assistant Attorney General

                                JEAN E. WILLIAMS, Chief
                                LISA L. RUSSELL, Assistant Chief

Dated: February 12, 2009        */s/ Clifford E. Stevens, Jr.*
                                CLIFFORD E. STEVENS, JR., Trial Attorney
                                U.S. Department of Justice
                                Environment and Natural Resources Division
                                Wildlife and Marine Resources Section

                                ***Attorneys for Federal Defendants***

                                DEBORAH S. REAMES

Dated: February 12, 2009        */s/ Gregory C. Loarie*
                                GREGORY C. LOARIE,
                                WENDY S. PARK,
                                EARTHJUSTICE

                                ***Attorneys for Plaintiff***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiff,

v.

KEN SALAZAR, ET AL.,

    Defendants.

Case No. 2:08-CV-01936-FCD-JFM

**PROPOSED ORDER**

The terms and conditions of the Stipulated Settlement Agreement filed by the parties on February 12, 2009 are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: this _____ day of _____, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE